## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN G. CRUM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| THE ELLIS SCHOOL, | : | Jury Trial Demanded |
| | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

AND NOW comes the Plaintiff, Joan G. Crum ("Crum"), by and through her attorneys, Joseph S. Hornack and Healey & Hornack, P.C. and pursuant to Rule 8(a) of the Federal Rules of Civil Procedure hereby files the following Complaint against the Defendant, The Ellis School ("Ellis"), alleging as follows:

### **Jurisdiction**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 and 1367.  This action is authorized and instituted pursuant to §7(c) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c).  This action is also authorized and instituted pursuant to §12(c) of the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. §962(c).

2.      The institution of this lawsuit is less than ninety (90) days after Crum received a Dismissal and Notice of Right to Sue from the Pittsburgh Field Office of the U.S. Equal Employment Opportunity Commission ("EEOC") regarding her ADEA charge against Ellis.

3. The institution of this lawsuit is more than one (1) year after the filing of Crum's PHRA complaint with the Pennsylvania Human Relations Commission.

## Parties

4. At all times relevant to this Complaint, Crum has resided at 1160 Bower Hill Road, Pittsburgh, Allegheny County, Pennsylvania.

5. At all times relevant to this Complaint, Ellis has operated as a private school in Pittsburgh, Allegheny County, Pennsylvania.

6. At all times relevant to this Complaint, Ellis has continuously been engaged in an "industry affecting commerce" with the meaning of §11(h) of the ADEA, 29 U.S.C. §630(h).

7. At all times relevant to this Complaint, Ellis was an "employer" and Crum was an "employee" within the meaning of §11(b) and §11(f) of the ADEA, 29 U.S.C. §630(b) and §630(f).

8. At all times relevant to this Complaint, Ellis was an "employer" and Crum was an "employee" within the meaning of §4 of the PHRA, 43 P.S. §954.

## Venue

9. The employment practices alleged to be unlawful in this Complaint were committed within the venue of this District.

## Facts

10. Crum was employed by Ellis starting in August 1984, and most recently held the position of health/physical education teacher as well as soccer and lacrosse coach.

11. Crum's date of birth is July 24, 1954.

12.     On or about May 1, 2015 Crum was informed by the head of Ellis and the head of the middle school that her employment contract with Ellis would not be renewed. As a result, she was effectively discharged from her position.  Crum's last day of work was June 12, 2015.

13.     The reason given by Ellis on May 1, 2015 for the nonrenewal of Crum's employment contract was that enrollment for the upcoming school year was down.

14.     Subsequent to her last day of work, Crum learned that Ellis enrollment for the 2015-2016 school year was up, not down.

15.     In the teaching positions that Crum held at Ellis, she was replaced with all younger employees, with the exception of one employee who was the same age.

16.     In the coaching positions that Crum held at Ellis, she was replaced with all younger employees.

17.     In addition, Ellis hired a new athletic director who was younger than Crum.

### First Cause of Action

18.     Crum repeats and realleges Paragraphs 1 through 17.

19.     The actions alleged in the preceding paragraphs constitute discrimination against Crum by Ellis on the basis of her age, in violation of §4(a) of the ADEA, 29 U.S.C. §623(a).

20.     The actions alleged in the preceding paragraphs were committed willfully.

21.     The actions alleged in the preceding paragraphs were committed with malice or reckless indifference to the statutorily protected rights of Crum.

**Second Cause of Action**

22.     Crum repeats and realleges Paragraphs 1 through 17.

23.     The actions alleged in the preceding paragraphs constitute discrimination against Crum by Ellis on the basis of her age, in violation of §5(a) of the PHRA, 43 P.S. §955(a).

24.     The actions alleged in the preceding paragraphs were committed intentionally.

25.     The actions alleged in the preceding paragraphs were committed with malice or reckless indifference to the statutorily protected rights of Crum.

**Prayer for Relief**

WHEREFORE the Plaintiff, Joan G. Crum, demands judgment against the Defendant, The Ellis School, for the following relief:

a.     Reinstatement to her teaching and coaching positions with Ellis;

b.     Back pay with prejudgment interest, beginning June 13, 2015;

c.     Back benefits with prejudgment interest, beginning June 13, 2015, including but not limited to full seniority credit and restoration of sick days;

d.     A permanent injunction enjoining Ellis from engaging in any employment practice which discriminates on the basis of age or denies rights under the ADEA and PHRA;

e.    Compensation for Crum's non-pecuniary losses, including pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

f.    Punitive and liquidated damages;

g.    Costs and attorneys' fees; and

h.    Such further relief as the Court deems necessary and proper.

Respectfully submitted,

HEALEY & HORNACK, P.C.


By:    s/   Joseph S. Hornack
       JOSEPH S. HORNACK, ESQUIRE
       PA ID 35165

       247 Fort Pitt Boulevard, 4th Floor
       Pittsburgh, PA  15222
       412-391-7711

       Attorney for Plaintiff

Dated:  August 22, 2017